(83 Misc. Rep. 90.)

STEIN et al. v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

CARRIERS (§ 99*)—CARRIAGE OF GOODS—DELAY IN DELIVERY—NEGLIGENCE OF
    CONSIGNEE.

> A consignee, on notice of the arrival of goods, two or three days later
> sent a truckman with the notice, on which defendant's clerk wrote the
> word "short," indicating that the goods could not be found, and on a
> second arrival notice the consignee brought the original notice and was
> told that they could not be found, and three days after was again told
> the same. *Held* that, although the consignee, on application to defend-
> ant's clerk in charge of shortages, would have received the goods, he had
> done his whole duty by his demands made and could recover for delay
> in delivery.
>
> [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 415–426; Dec.
> Dig. § 99.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Benjamin Stein and another against the Lehigh Valley
Railroad Company.   From a judgment in favor of the defendant,
plaintiffs appeal.   Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and
WHITAKER, JJ.

A. L. Kalman, of New York City, for appellants.
Stewart C. Pratt, of New York City, for respondent.

LEHMAN, J.   The plaintiffs brought an action against the defend-
ant railroad company claiming that the defendant had failed and neg-
lected to deliver certain goods consigned to them within a reasonable
time; that the goods were intended for a certain season; and that, by
reason of the defendant's failure to deliver within a reasonable time,
the goods could not be used during the season for which they were
intended, and thereby became valueless or almost valueless.

It appears undisputed that the goods were actually received by the
defendant in New York on April 29th, and that on that day, and be-
fore the goods were checked out of the car in which they had arrived,
an arrival notice was sent to the plaintiffs.   On May 2d, the plaintiffs
sent a truckman to the defendant's pier with the arrival notice.   The
truckman paid the carrying charges, but failed to obtain the goods.
The clerk to whom the notice was tendered wrote the word "short"
across the notice.   The word "short" is concededly the term used when
goods cannot be found on the unloading of a car in which they were
supposed to be shipped.   On May 2d, the defendant sent the plaintiffs
a second arrival notice.   On May 4th, one of the plaintiffs in person
asked for the goods, bringing the original notice marked short, and a
clerk again stated that the goods could not be found, and added:
"Don't you see they are marked short?"   On May 7th the same plain-
tiff called at defendant's office again, and asked for the goods.   The
clerk again failed to find the goods, and advised the plaintiff to put in
a claim, which the plaintiff did on May 10th.   On May 17th the plain-
tiffs received a third arrival notice, but made no further efforts to ob-

tain the goods, relying on the claim which they had put in. The defendant attempts to meet this evidence by showing the arrival of the goods on April 29th, and the sending out of the successive notices, and by showing that the person in charge of shortages was the property clerk, and that if the plaintiffs had applied to him they would have received the goods.

It is the contention of the defendant that the plaintiffs were negligent in failing to make other and further efforts to obtain the goods, and especially in failing to apply to the proper clerk in charge of the shortages.

Upon this record I cannot find that the defendant's contention is sustained. It was the defendant's duty as carrier to deliver the goods on reasonable demand. The plaintiffs made three demands upon persons apparently held out as the clerks by whom deliveries were to be made, men who were working in defendant's office at a desk marked "answers." It was not the duty of the plaintiffs to go further, and at their peril ascertain the business organization of the defendant, or whether there was a man in that organization whose duty it was to seek out shortages. The plaintiffs had done their full duty when they made three fruitless demands on the defendant in its office, upon clerks who were apparently clothed with authority to answer inquiries, especially when one of these clerks then told them to make a claim, and the claim was received and investigated by the defendant. The plaintiffs' failure to make these inquiries of the clerk in actual charge of the shortages would be material only if the plaintiffs failed to prove that they made inquiries of the persons held out for this purpose.

Judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.